UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFER KERNON
and R.K.,

  Plaintiffs/Counter-Defendants,

v.                                          Case No. 3:21-cv-312-MMH-PDB

BANNER LIFE INSURANCE
COMPANY,

  Defendant/Counter-Claimant.

**O R D E R**

**THIS CAUSE** is before the Court on the Report & Recommendation (Dkt. No. 63; Report), entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on May 6, 2022. Defendant filed a Response to Magistrate's May 6, 2022 Report and Recommendation (Dkt. No. 64; Response) on May 20, 2022. Plaintiffs did not respond to the Report at all.

In the Report, Judge Barksdale recommends that Banner Life Insurance Company's Unopposed Motion to Deposit Funds in Court Registry and Unopposed Motion to Grant Further Interpleader Relief Including an Award of Attorney's Fees (Dkt. No. 60) be granted, in part, and denied, in part; Banner Life be directed to deposit the death benefit and accrued interest into the

-1-

Court's registry; and the parties be directed to file a joint stipulation of dismissal of the breach of contract claim if that is their intent. See Report at 17. Judge Barksdale further recommends that upon the deposit and any joint stipulation that Banner Life be discharged from liability; the breach of contract claim be dismissed; Banner Life be dismissed with prejudice; the case continue as an interpleader action between Ms. Kernon and R.K.; and Banner Life's request for an injunction, attorney's fees, and costs be denied. See id. at 17-18.

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

In the Response, Banner Life expresses its dissatisfaction with the Magistrate Judge's recommendation that it not receive an award of fees. However, Banner Life fails to identify any legal or factual error in the Magistrate Judge's analysis. As such, even if the Court were to view the Response as an objection to the Report, it would be overruled.

-3-

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, it is hereby

**ORDERED:**

1. The Report & Recommendation (Dkt. No. 64) is **ADOPTED** as the opinion of the Court.

2. Banner Life Insurance Company's Unopposed Motion to Deposit Funds in Court Registry and Unopposed Motion to Grant Further Interpleader Relief Including an Award of Attorney's Fees (Dkt. No. 60) is **GRANTED, in part, and DENIED, in part**.

3. Banner Life is **DIRECTED** to deposit the death benefit ($500,000) and accrued interest into the Court's registry no later than **June 3, 2022**.

4. The parties are directed to file a joint stipulation of dismissal of the breach of contract claim if that is their intention (or otherwise address what should happen to that claim) no later than **June 3, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of May, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties